NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001038
30-JUN-2014
08:38 AM

NO. CAAP-11-0001038

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ANGELITA A. JOU,
Claimant-Appellee,
v.
REHABILITATION HOSPITAL OF THE PACIFIC,
Employer-Appellee
and
SPECIALIZED CLAIMS MANAGEMENT HAWAII,
Insurance Carrier-Appellee,
v.
EMERSON M.F. JOU, M.D.,
Intervenor-Appellant

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-311 (2-01-02314))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

In this workers' compensation case, Intervenor-Appellant Emerson M.F. Jou, M.D. (**Dr. Jou**) appeals from a November 29, 2011 Decision and Order by the Labor and Industrial Relations Appeals Board (**LIRAB**) dismissing Dr. Jou's appeal from a decision by the Director of Department of Labor and Industrial Relations (**Director**) regarding Dr. Jou's request for his fees as a medical service provider for Claimant-Appellee Angelita G. Jou.

On appeal, Dr. Jou contends the LIRAB erred by: (1) refusing to apply Jou v. Hamada, 120 Hawai'i 101, 201 P.3d 614 (App. 2009) retroactively and as a result, violated the First and

Fourteenth Amendments to the United States Constitution and article 1 sections 4 and 5 of the Hawai'i Constitution; and (2) failing "to rule on a renewed motion properly before it, to consolidate."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Dr. Jou's appeal is without merit.

Under Hawaii Revised Statutes **(HRS)** § 386-87(a) (1993), Dr. Jou had twenty days after a copy of the Director's February 16, 2006 decision was sent to him to appeal to the LIRAB. See Kissell v. Labor & Indus. Relations Appeal Bd., 57 Haw. 37, 549 P.2d 470 (1976). Dr. Jou did not appeal the Director's decision until March 23, 2009.

Jou contends that per Hamada, the Director's decision was appealable to the LIRAB, despite a three-year delay. However, this case is distinguishable from Hamada because there, Dr. Jou filed a timely appeal to the circuit court under HRS § 91-14 (1993 & Supp. 2007) seeking a judicial declaration that the no-appeal provision of Hawaii Administrative Rules § 12-15-94(d) (as amended 2001) was invalid. No such appeal was filed in this case and dismissal was thus proper. See Alvarez v. Kyo-Ya, Inc., 128 Hawai'i 475, 290 P.3d 545 (App. 2012), cert. denied by Alvarez v. Kyo-Ya, Inc., SCWC-11-0001034, 2013 WL 214844 (Haw. Jan. 18, 2013). Consequently, Dr. Jou's contention that LIRAB's dismissal violated his constitutional rights is without merit.

Jou also contends his motion to consolidate should have been granted because the cases sought to be consolidated involved common questions of law. Since Jou's appeal was untimely, we need not address this point.

Therefore,

IT IS HEREBY ORDERED that the November 29, 2011 Decision and Order by the Labor and Industrial Relations Appeals Board is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2014.

On the briefs:

Stephen M. Shaw
for Intervenor-Appellant.

Nathalie S. Pettit
for Employer-Appellee and
Insurance Carrier-Appellee.

Chief Judge

Associate Judge

Associate Judge